**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINIOS**

In re: NEIL A. JOSLUN        §    Case No. 11-81169
                             §
                             §
        Debtors              §

**CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT**

Lydia S. Meyer, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 03/23/2011.

2) The plan was confirmed on 07/08/2011.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C § 1329 on NA.

4) The trustee filed action to remedy default by the debtor in performance under the plan on NA.

5) The case was converted on 11/01/2011.

6) Number of months from filing or conversion to last payment: 5.

7) Number of months case was pending: 7.

8) Total value of assets abandoned by court order: NA.

9) Total value of assets exempted: $5,502.00.

10) Amount of unsecured claims discharged without full payment: $0.00.

11) All checks distributed by the trustee relating to this case have NOT cleared the bank.

UST Form 101-13-FR-S (9/1/2009)

| Receipts: | | |
|---|---|---|
| Total paid by or on behalf of the debtor | $ 1,725.00 | |
| Less amount refunded to debtor | $ 0.00 | |
| **NET RECEIPTS** | | $ 1,725.00 |

| Expenses of Administration: | | |
|---|---|---|
| Attorney's Fees Paid Through the Plan | $ 624.71 | |
| Court Costs | $ 0.00 | |
| Trustee Expenses & Compensation | $ 79.17 | |
| Other | $ 0.00 | |
| **TOTAL EXPENSES OF ADMINISTRATION** | | $ 703.88 |
| Attorney fees paid and disclosed by debtor: | $ 899.00 | |

Scheduled Creditors:

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| JONES & HART LAW OFFICE | Lgl | 3,500.00 | 3,774.00 | 3,774.00 | 624.71 | 0.00 |
| BANK OF AMERICA HOME LOANS | Uns | 0.00 | NA | NA | 0.00 | 0.00 |
| FESTIVA MANAGEMENT GROUP | Uns | 0.00 | NA | NA | 0.00 | 0.00 |
| ILLINOIS TITLE LOANS INC | Sec | 1,000.00 | 1,118.35 | 1,000.00 | 1,000.00 | 21.12 |
| ILLINOIS TITLE LOANS INC | Uns | 0.00 | 0.00 | 118.35 | 0.00 | 0.00 |
| LAKE COUNTY COLLECTOR | Uns | 0.00 | NA | NA | 0.00 | 0.00 |
| ORANGE LAKE CAPITAL | Uns | 0.00 | NA | NA | 0.00 | 0.00 |
| WYNDHAM SAPPHIRE BEACH | Uns | 0.00 | NA | NA | 0.00 | 0.00 |
| INTERNAL REVENUE SERVICE | Pri | 3,001.00 | NA | NA | 0.00 | 0.00 |
| INTERNAL REVENUE SERVICE | Pri | 3,001.00 | NA | NA | 0.00 | 0.00 |
| INTERNAL REVENUE SERVICE | Pri | 1,300.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| HSBC BANK NEVADA NA | Uns | 8,179.00 | 8,914.96 | 8,914.96 | 0.00 | 0.00 |
| CANDICA LLC | Uns | 2,789.00 | 1,872.74 | 1,872.74 | 0.00 | 0.00 |
| CHASE BANK USA NA | Uns | 3,932.78 | 1,568.81 | 1,568.81 | 0.00 | 0.00 |
| CHASE BANK USA NA | Uns | 14,703.00 | 3,135.45 | 3,135.45 | 0.00 | 0.00 |
| CR EVERGREEN II, LLC | Uns | 797.33 | 797.33 | 797.33 | 0.00 | 0.00 |
| MIDLAND CREDIT MANAGEMENT | Uns | 16,186.18 | 16,277.92 | 16,277.92 | 0.00 | 0.00 |
| AMERICAN INFOSOURCE LPP | Uns | 292.00 | 373.77 | 373.77 | 0.00 | 0.00 |

UST Form 101-13-FR-S (9/1/2009)

Scheduled Creditors:

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| CONSUMERS CREDIT UNION | Uns | 3,286.21 | 3,336.99 | 3,336.99 | 0.00 | 0.00 |
| DIRECT MERCHANTS BANK | Uns | 8,914.96 | NA | NA | 0.00 | 0.00 |
| DISCOVER BANK | Uns | 13,023.47 | 3,609.44 | 3,609.44 | 0.00 | 0.00 |
| FESTIVA MANAGEMENT GROUP | Uns | 887.00 | NA | NA | 0.00 | 0.00 |
| GRAND GENEVA VAC CONDO | Uns | 463.24 | NA | NA | 0.00 | 0.00 |
| GREAT LAKES CREDIT UNION | Uns | 2,981.06 | 3,007.16 | 3,007.16 | 0.00 | 0.00 |
| CAPITAL ONE NA | Uns | 353.41 | 334.71 | 334.71 | 0.00 | 0.00 |
| MANFOXX PRODUCTIONS | Uns | 4,494.00 | NA | NA | 0.00 | 0.00 |
| MENARDS - RETAIL SERVICES | Uns | 2,722.16 | NA | NA | 0.00 | 0.00 |
| MERIDIAN FINANCIAL SERVICE | Uns | 856.00 | NA | NA | 0.00 | 0.00 |
| ORANGE LAKE CAPITAL | Uns | 1,366.84 | NA | NA | 0.00 | 0.00 |
| SEARS CARD | Uns | 16,094.44 | NA | NA | 0.00 | 0.00 |
| NO NAME | Sec | 0.00 | NA | NA | 0.00 | 0.00 |
| DISCOVER BANK | Uns | 0.00 | 12,867.47 | 12,867.47 | 0.00 | 0.00 |
| AMERICAN INFOSOURCE LPP | Uns | 0.00 | 9,084.80 | 9,084.80 | 0.00 | 0.00 |
| PORTFOLIO RECOVERY | Uns | 0.00 | 2,896.17 | 2,896.17 | 0.00 | 0.00 |
| ILLINOIS DEPARTMENT OF | Pri | 4,301.24 | 3,224.59 | 3,224.59 | 0.00 | 0.00 |
| ILLINOIS DEPARTMENT OF | Uns | 0.00 | 1,114.42 | 1,114.42 | 0.00 | 0.00 |
| ILLINOIS DEPT OF REVENUE | Pri | 64.43 | NA | NA | 0.00 | 0.00 |
| CANDICA LLC | Uns | 0.00 | 775.53 | 775.53 | 0.00 | 0.00 |

**Summary of Disbursements to Creditors:**

|  | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $ 0.00 | $ 0.00 | $ 0.00 |
| Mortgage Arrearage | $ 0.00 | $ 0.00 | $ 0.00 |
| Debt Secured by Vehicle | $ 1,000.00 | $ 1,000.00 | $ 21.12 |
| All Other Secured | $ 0.00 | $ 0.00 | $ 0.00 |
| **TOTAL SECURED:** | $ 1,000.00 | $ 1,000.00 | $ 21.12 |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $ 0.00 | $ 0.00 | $ 0.00 |
| Domestic Support Ongoing | $ 0.00 | $ 0.00 | $ 0.00 |
| All Other Priority | $ 3,224.59 | $ 0.00 | $ 0.00 |
| **TOTAL PRIORITY:** | $ 3,224.59 | $ 0.00 | $ 0.00 |
| **GENERAL UNSECURED PAYMENTS:** | $ 70,086.02 | $ 0.00 | $ 0.00 |

**Disbursements:**

| | |
|---|---|
| Expenses of Administration | $ 703.88 |
| Disbursements to Creditors | $ 1,021.12 |
| **TOTAL DISBURSEMENTS:** | $ 1,725.00 |

12) The trustee certifies that the foregoing summary is true and complete and all administrative matters for which the trustee is responsible have been completed. The trustee requests that the trustee be discharged and granted such other relief as may be just and proper.

Date:  11/15/2011          By:  /s/ Lydia S. Meyer
                                Trustee

**STATEMENT:**   This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.